IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. |
| ASSORTED ELECTRONIC EQUIPMENT SEIZED FROM JUDE FILS-AIME IN WALDORF, MARYLAND, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, by its attorneys, Robert K. Hur, United States Attorney for the District of Maryland, and Jennifer L. Wine, Assistant United States Attorney, pursuant to 18 U.S.C. § 2254, brings this verified complaint for forfeiture in a civil action *in rem* and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action *in rem* against assorted electronic equipment (1) containing child pornography, (2) constituting or traceable to proceeds obtained from a child pornography offense, or (3) used or intended to be used to commit or to promote the commission of distribution and possession of child pornography in violation of 18 U.S.C. § 2252A, and therefore subject to forfeiture pursuant to 18 U.S.C. § 2254.

## THE DEFENDANTS *IN REM*

2. The defendant property consists of the following electronic equipment: (1) one Corsair desktop computer containing two hard drives (a Western Digital 2TB hard drive bearing

serial number WMC4M0H3SDEW and one Seagate 1TB hard drive bearing serial number Z4Y283NV); (2) one Seagate external hard drive bearing serial number 2GHJS6HY; (3) one Seagate external hard drive bearing serial number 5LR1WQW1; and (4) one Toshiba external hard drive bearing serial number 547Z3XXKSU17 (collectively, the "Defendant Property"), seized from Jude Fils-Aime pursuant to the execution of a federal search and seizure warrant issued by United States Magistrate Judge Charles B. Day at the residence of Jude Fils-Aime in Waldorf, Maryland on or about January 12, 2017. *See* Misc. No. 17-10-CBD.

3. The Defendant Property is presently in the custody of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI) in the District of Maryland.

4. The United States brings this action *in rem* in its own right to forfeit all right, title and interest in the Defendant Property.

5. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of HSI Special Agent Christine D. Carlson, which is incorporated herein by reference.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 2252A.

7. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the United States requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the United States will

execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in the District of Maryland and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## LEGAL BASIS FOR FORFEITURE

9. The Defendant Property is subject to civil forfeiture pursuant to 18 U.S.C. § 2254 (civil forfeiture) because it constitutes property subject to criminal forfeiture pursuant to 18 U.S.C. § 2253, *i.e.*, (1) any visual depictions described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B) (distribution and possession of child pornography); or (3) any property, real or personal, used or intended to be used to commit or to promote the commission of offenses in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B) (distribution and possession of child pornography), or any property traceable to such property.

WHEREFORE, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Property be cited to appear herein and answer the Complaint; that the Defendant Property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States dispose of the Defendant Property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Respectfully submitted,

Robert K. Hur
United States Attorney

Jennifer L. Wine
Assistant United States Attorney

## VERIFICATION

I, Christine D. Carlson, a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Date: 2/20/2020

Christine D. Carlson
Special Agent
Homeland Security Investigations